UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                                    MDL No. 3047

ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in the action listed on Schedule A (*Doe*) move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring their action to MDL No. 3047. Alternatively, they ask the Panel to separate and remand their claims against defendant Lyft, Inc. (Lyft) to the District of Colorado.  Defendants Meta Platforms, Inc., and Instagram LLC (together, Meta) oppose the motion to vacate, and Lyft opposes the alternative request to separate and remand the claims against it.

After considering the arguments of counsel, we find that transfer under 28 U.S.C. § 1407 will neither serve the convenience of the parties and witnesses, nor promote the just and efficient conduct of the litigation.  MDL No. 3047 involves factual questions arising from "allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents.  Plaintiffs allege defendants were aware, but failed to warn the public, that their platforms were harmful to minors." *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022).  The MDL actions share questions of fact concerning whether social media platforms encourage addictive behavior, fail to verify users' ages, encourage adolescents to bypass parental controls, and inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content.  *See id*.

Plaintiffs in the *Doe* action allege that the Instagram platform connected the thirteen-year-old minor plaintiff with an adult sex offender, who lured her to his apartment, where he assaulted her.  Plaintiffs further allege that the assailant ordered Lyft rides using a fake account to transport the minor plaintiff to and from his apartment, in violation of Lyft's policy to prohibit rides for unaccompanied minors.  Plaintiffs assert that Meta falsely promised to prohibit sex offenders and imposter accounts from its platform and failed to warn of the risk of sexual predators.  They also allege that Lyft did not prevent fake rider accounts and did not train its drivers or enforce its policy against transporting unaccompanied minors.

---

[*]    Judge Karen K. Caldwell and Judge Madeline Cox Arleo did not participate in the decision of this matter.

Case No. 1:26-cv-00576-DDD-SBP    Document 49    filed 06/05/26    USDC Colorado
Case MDL No. 3047    Document 7864    Filed 06/05/26    Page 2 of 4

- 2 -

As an initial matter, we do not find separation and remand of the claims against Lyft to be appropriate here. We have found that "[w]hether Section 1407(a) remand is available turns on a highly specific inquiry about how each complaint is pled." *In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1406 n.6 (J.P.M.L. 2023). Section 1407(a) grants the Panel authority to "separate any claim," but it "does not authorize the Panel to transfer one issue raised by a claim … while remanding another issue raised by the same claim." *In re Nat'l Prescription Opiate Litig.*, 576 F. Supp. 3d 1378, 1381 (J.P.M.L. 2021) (quoting *In re Air Crash Disaster at Duarte, Cal. on June 6, 1971*, 346 F. Supp. 529, 530 (J.P.M.L. 1972)). While we occasionally have separated and remanded cases on a per-defendant basis, we have found that, where the claims appear indivisible, transfer of them may be "impracticable." *See id*. at 1380; *In re Soc. Media*, 637 F. Supp. 3d at 1379 ("Opposing defendants alternatively request the Panel separate and remand the claims against them to their transferor courts. We decline to do so, as plaintiffs allege common indivisible injuries from multiple products, and severance and remand would complicate the litigation by multiplying each plaintiff's claims across different courts."). Here, plaintiffs have brought separate claims against Lyft and Meta, but plaintiffs allege that the conduct of each resulted in the minor plaintiff being connected with, transported to, and ultimately assaulted by an adult sexual predator.

In addition to allegations that Instagram connected the minor plaintiff with a predator and failed to warn of that risk, plaintiffs allege that Meta deliberately designed addictive products that it knew caused and increased mental health problems in children, making them more susceptible to grooming. In moving to vacate, plaintiffs acknowledge the overlap and argue that their allegations that Instagram was intentionally designed to be addictive to adolescents are "secondary," and they do not allege that the minor plaintiff herself was addicted to Instagram. They argue that the minor plaintiff's injury arises not from personal injury caused by social media addiction, but from a sexual assault facilitated by defendants. They contend that Meta's liability stems from its false promises to prohibit sex offenders and imposter accounts from its platform, its failure to design its platform to meet those promises, and its failure to warn of the risk of sexual predators.

In these circumstances, we are persuaded that the allegations that Instagram is designed to be addictive to minors are too peripheral to the alleged resulting injury to warrant inclusion in the MDL. There are, without doubt, some allegations in *Doe* that overlap with those in the MDL. But the core allegations in *Doe* are that Meta and Lyft are responsible for the minor plaintiff's assault by an adult sexual predator because (1) Meta recommended the minor plaintiff connect with an adult predator and failed to prevent fake accounts, and (2) Lyft transported the minor plaintiff to and from the location of the assault. Lyft is not named in any MDL No. 3047 cases. In our view, transfer of *Doe* would inject unrelated claims and additional parties into the litigation and further complicate an already complex MDL, which involves multiple platform defendants and several categories of plaintiffs.

- 3 -

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-73" is vacated as to the action listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

David C. Norton                    Dale A. Kimball
M. Casey Rodgers

**IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION**                              MDL No. 3047

## SCHEDULE A

District of Colorado

DOE, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 1:26-00576